IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **FERNANDO PAREDES, #28021-078** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv417 |
| | § | CRIMINAL ACTION NO. 4:18cr69(5) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Fernando Paredes filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After a careful review of the record, the court recommends the § 2255 motion be denied and the case be dismissed with prejudice.

**I. BACKGROUND**

On April 18, 2018, a grand jury named Movant and six co-defendants in a one-count indictment, charging them with Conspiracy to Possess with the Intent to Manufacture and Distribute 500 Grams or More of a Mixture of Substance Containing a Detectable Amount of Methamphetamine or 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 846. Pursuant to a written plea agreement, Movant then pled guilty to Count One of the Indictment. Crim. ECF (Dkt. #64). On May 15, 2019, the District Court imposed a sentence of 235 months' imprisonment, and the Judgment issued on May 16, 2019. Crim. ECF (Dkt. #85). Movant

did not file a direct appeal, but he filed the present § 2255 motion on May 15, 2020, the date he states he placed it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (the timeliness of petition for determining the effective date of the AEDPA limitations deadline depends on the date the prisoner delivered his papers to prison authorities for filing). Movant claims he is entitled to relief because he did not understand the waiver in his plea agreement, his attorney was ineffective, and the District Court erred in the calculation of the amount of drugs attributed to him. The Government filed a Response (Dkt. #11), asserting Movant's issues are barred or are without merit. Movant did not file a Reply.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## III. WAIVER

Movant first claims he did not understand the waiver provision contained in his plea agreement and therefore, it should not be enforced in his case. (Dkt. #1 at 4). The Fifth Circuit has

upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The Fifth Circuit held that a waiver might not be enforceable against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). It also held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983)

>Movant's written plea agreement contained the following waiver:

>Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceedings, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Crim. ECF (Dkt. #64 at 5). Additionally, the plea agreement states:

>The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id*. at 6.  Movant's plea agreement also states:

> I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

*Id*. at 7.  Finally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." *Id*. at 5.  Consequently, any allegation that Movant's guilty plea was not knowingly or voluntarily made is contradicted by his signed plea agreement.

Furthermore, a review of the transcript from Movant's plea hearing shows that he had a full and fair opportunity to discuss the facts of the case and any defenses he may have with Counsel. *See* Crim. ECF (Dkt. #102 at 10).  The Fifth Circuit has held that solemn declarations in open court carry a strong presumption of verity.  *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Where the record establishes that the defendant understood the nature of the charge against him and the consequences of his act, the rudimentary demands of a fair proceeding and a knowing and voluntary plea are satisfied*.  Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

Movant testified at his plea hearing that he had the opportunity to discuss the federal sentencing guidelines with Counsel and how the guidelines might be applied to his case.  Crim. ECF (Dkt. #102 at 14-15). He also understood that the District Judge would determine his sentence and that she would look to, but was not bound by, the Federal Sentencing Guidelines. *Id*.  He understood that his Guideline range would not be determined until after the Presentence Report ("PSR) was completed.  *Id*. at 15.   Movant stated he discussed "each and every" paragraph of the Plea Agreement with Counsel and that he fully understood it.  *Id.* at 16-17.   He understood he was waiving the right to appeal or seek collateral review except for two very limited circumstances.  *Id*.

4

at 21-22.  He also said that he voluntarily and of his own free will agreed to each of the terms and provisions of the plea agreement.  *Id*. at 23.  He stated that no one forced, threatened, or coerced him to plead guilty.  *Id*. at 24.

Movant further confirmed that he signed and initialed the Factual Basis, he read it and discussed "each and every" paragraph with Counsel before signing it, and he fully understood it. *Id*. at 25.  Movant confirmed that everything in the Factual Basis was "true and correct."  *Id*. at 27.  He further understood that he was admitting to the conduct described in the Factual Basis.  *Id*. at 27-28.  This included Movant's stipulation that:

> [Movant] knew that the amount involved during the term of the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine actual. This amount was involved in the conspiracy after the defendant entered the conspiracy and was reasonably foreseeable to the defendant and was part of jointly undertaken activity.

*Id*. at 26-27.  The Magistrate Judge then confirmed with Counsel that he had reviewed "each and every" paragraph and provision of the Plea Agreement, Addendum, and Factual Basis with Movant. *Id*. at 29.

The Magistrate Judge found that Movant was competent to enter his plea, he had assistance of counsel, he was advised of the charge against him and the range of penalties he faced, he understood that the Sentencing Guidelines are discretionary, he knowingly and voluntarily pled guilty, and his guilty plea has a factual basis.  *Id*. at 29-30.  Solemn declarations in open court carry a strong presumption of verity. *Lampazianie,* 251 F.3d at 524.  Movant's allegation that his guilty plea was unknowing and involuntary is contradicted by his plea hearing.

In sum, the record makes it clear that Movant's plea agreement plea was knowing and voluntary.  He was aware of the rights he was waiving and those he retained; accordingly, the plea

agreement must be upheld on federal review. *Diaz,* 718 F.2d at 1376-77. This issue is without merit.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant next asserts he is entitled to relief based on ineffective assistance of counsel because Counsel generally "failed to act as an advocate." (Dkt. #1 at 5). A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at 666. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill*

*v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir., 2000) (requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

Movant specifically asserts that Counsel was ineffective for failing to investigate and challenge or mitigate sentencing factors. (Dkt. #1 at 5). It is well-settled that Counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Movant cannot make a case for ineffectiveness by making conclusory claims based on Counsel's failure to file motions, make objections, or follow his instructions. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007).

A thorough review of Movant's § 2255 motion fails to show what Movant believes Counsel could have found had he investigated further, or how such evidence would have changed the outcome of his case. Bald assertions and conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Movant fails to identify the specific evidence Counsel would have presented had he investigated further or how any such evidence would have changed the outcome of his case. *Gray*, 677 F.2d at 1093. He also fails to even allege that, but for Counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 57-59. Movant wholly fails to meet his burden.

In sum, Movant fails to show there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different, *Strickland*, 466 U.S. at 694. Movant also fails to show he would not have pled guilty and would have insisted on going to trial, but for Counsel's alleged deficient performance. *Hill*, 474 U.S. at 57-59. Movant is not entitled to relief based on ineffective assistance of counsel.

## V. SENTENCING

Finally, Movant complains about the amount of drugs attributed to him in the conspiracy. (Dkt. #1 at 7). This issue, however, is not reserved for review pursuant to Movant's written plea agreement. Movant is not claiming his sentence exceeds the statutory maximum or that counsel was ineffective in this matter – the only two claims he reserved for review. *See* Crim. ECF (Dkt. #64 at 5). As noted above, Movant's plea was knowing and voluntary; thus, the waiver contained in his plea agreement bars review. *Diaz,* 718 F.2d at 1376-77. Accordingly, Movant's issue concerning the amount of drugs attributed to him is waived. The court notes that, even if it was not waived, Movant stipulated to the amount in his Factual Basis, *see* Crim. ECF (Dkt. #66 at 1), and at his plea hearing (Dkt. #102 at 26-27); thus, the issue is also meritless.

## VI. CONCLUSION

In conclusion, Movant fails to show his plea was unknowing and involuntary; accordingly, the terms of the plea agreement must be upheld. *Id.* Movant also fails to show that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different, *Strickland*, 466 U.S. at 694, or that there is a reasonable probability that he would not have pled guilty, and would have insisted on going to trial, *Hill*, 474 U.S. at 57-59. Finally, Movant's sentencing issue concerning the amount of drugs attributed to him is not an issue that he reserved

for review in his plea agreement; therefore, it was waived. Having found no merit to Movant's claims, the § 2255 motion should be denied.

### VII. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## VIII. RECOMMENDATION

It is recommended Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**IT IS SO ORDERED**.

**SIGNED this 4th day of September, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE